720 So.2d 90 (1998)
Mike GUIMMO and Karen Guimmo
v.
Delores Cresop ALBARADO, and Rickie Joseph Albarado, et al.
No. 98-CA-242.
Court of Appeal of Louisiana, Fifth Circuit.
September 29, 1998.
William J. Scheffler, III, Marrero, for Plaintiffs-Appellants.
Leonard M. D'angelo, Metairie, for Plaintiff-Appellee.
Kurt D. Engelhardt, Metairie, Joseph R. Ward, Jr., New Orleans, George S. Ruppenicker, Harvey, Curtis Gordon, Gretna, Anthony Rollo, Lauren L. Zimmerman, New Orleans, for Defendants-Appellees.
David Montz, Gretna, in proper person.
Before DUFRESNE and GOTHARD, JJ., and THOMAS C. WICKER, Jr., J. Pro Tem.
DUFRESNE, Judge.
Mike and Karen Giummo, plaintiffs-appellants, urge this appeal from a partial summary judgment which dismissed only one of several defendants from their suit. For the following reasons, we dismiss this matter for lack of appellate jurisdiction.
Prior to the recent amendments to La. Code Civ. Pro., Art 1915, a judgment which dismissed only one of several defendants from a suit was immediately appealable. This article was amended by Act 483 (Acts 1997)(effective July 1, 1997), to provide otherwise. The pertinent language from the amended article is as follows:
B.(1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, theories, or parties, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal....
The trial judge in the present matter has made no determination that there was no just reason to delay appeal of this judgment and did not designate it as a final judgment. In this circumstance, there is no final, appealable judgment before us, and we must therefore dismiss the matter for lack of appellate jurisdiction.
APPEAL DISMISSED.