764 So.2d 173 (2000)
AMERICAN DEPOSIT INSURANCE COMPANY
v.
Ivory MYLES, Bobbie Myles, Windy Myles and Courtney Myles.
No. 99-CA-2659.
Court of Appeal of Louisiana, Fourth Circuit.
May 31, 2000.
Rehearing Denied July 17, 2000.
Donald R. Klotz, Jr., Tiffany G. Chase, Ungarino & Eckert, L.L.C., Metairie, Louisiana, (Attorneys For Plaintiff/Appellee, American Deposit Insurance Company).
James Minge, Berit C. Hanna, James Minge & Associates, New Orleans, Louisiana, (Counsel for Defendants/Appellants, Ivory Myles, Bobbie Myles, Windy Myles and Courtney Myles).
(Court composed of Judge JOAN BERNARD ARMSTRONG, Judge PATRICIA RIVET MURRAY and Judge PHILIP C. CIACCIO, Pro Tempore).
MURRAY, Judge.
This appeal arises from a suit for declaratory judgment by which American Deposit Insurance Company ("American Deposit") petitioned for a ruling that there is no coverage for an accident involving members of its insured's family and an uninsured driver. The trial court granted summary judgment in favor of American Deposit because at the time of the accident, the insured's vehicle was being driven by a daughter who had been expressly excluded from coverage under the policy. We reverse for the reasons that follow.
The accident at issue occurred around midday on January 23, 1998. Windy Myles was driving a vehicle owned by her father, Ivory Myles, Sr., with her mother, Bobbie Myles, and younger sister, Courtney Myles, riding as passengers.[1] As they *174 went through an intersection, a car heading in the opposite direction suddenly turned left, striking the front fender on the driver's side of the Myles' vehicle. The other car was owned and driven by an uninsured motorist, resulting in the Myles' claim for uninsured motorists' (UM) benefits under their policy with American Deposit. This suit followed.[2]
After American Deposit's petition for declaratory judgment had been filed and answered, the insurer moved for summary judgment. In support, the insurer submitted a copy of the policy, including the declarations page and an exclusion form executed in April 1993 that states in pertinent part:

NAMED DRIVER EXCLUSION

LOUISIANA
In consideration of the premium charged, it is hereby agreed that ALL coverages are not afforded under this policy while any vehicle is being used, driven, operated or manipulated by, or under the care, custody or control of the following person:
 Wendy [sic] Myles
 Full Name of Driver Excluded
* * * * *
This exclusion applies to the named excluded driver and passengers whether or not he or she has received express or implied permission to drive.
This exclusion shall be effective when signed, and forms a part of the policy when issued. This exclusion applies to all REWRITE OR RENEWAL POLICIES unless changed in writing by the Insured and the Company. The provisions of this endorsement supersede any contrary provision(s) contained in the policy.
The form was signed by both Windy Miles [sic], indicating her consent to the exclusion as well as her warranty that she was a resident of the insured's household, and by the named insured, Ivory Myles, Sr.. However, a space provided underneath these signatures, designated "Authorized Representative," was left blank.
Based upon this documentation, American Deposit asserted that because the policy clearly and unambiguously excluded any coverage when Windy was driving either of the Myles' insured vehicles, it was entitled to a declaratory judgment to that effect as a matter of law. The Myles family presented no evidence in opposition to the summary judgment, but argued only that material factual questions remained concerning the applicability of the coverage exclusion, and that public policy considerations should prohibit American Deposit from denying recovery to the "innocent" passengers, Bobbie and Courtney Myles.
"The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action.... The procedure is favored, and shall be construed to accomplish these ends." La.Code Civ. Proc. art. 966 A(2). When the mover has submitted evidence establishing the absence of material factual disputes and that it is entitled to judgment as a matter of law, "an adverse party may not rest on the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." La.Code Civ. Proc. arts. 966 C(1), 967. Summary judgments are reviewed on appeal de novo, applying the same standard as used by the trial court. Magnon v. Collins, 98-2822, p. 5 (La.7/7/99), 739 So.2d 191, 195.
In this case, Mr. Myles first contends that American Deposit's documentary evidence is insufficient to establish that it is entitled to summary judgment because the copy of the insurance policy is certified only as "true and correct," with no certification that it is a complete copy. *175 However, there is no allegation that something was omitted when the policy was copied for submission into the record, nor is there any discernible gap in either the two-page summary of coverages (the declarations page) or in the consecutively numbered pages containing the substantive provisions of the policy. Instead, Mr. Myles merely argues that absent a specific certification, something might be missing. This does not constitute grounds for the denial of summary judgment. Grelle v. Youngblood, 96-2210, p. 4 (La.App. 4th Cir.3/26/97), 691 So.2d 279, 282, writ denied, 97-1287 (La.9/5/97), 700 So.2d 510.
Similarly, Mr. Myles points out that the April 1993 exclusion form was not signed by anyone on behalf of American Deposit, and asserts that this deficiency indicates the insurer has not carried its burden of proof. We see no basis for this contention. Even if the signature space for an "Authorized Representative" was intended for the Insurer, rather than the Insured, there is no allegation that American Deposit had otherwise refused to provide coverage to Mr. Myles within the policy terms.
Without a countervailing affidavit or other evidence of a defect or error in the policy, neither of these contentions establish the existence of a genuine issue of material fact to be resolved at trial. Schwegmann Bank & Trust Co. v. Dunne, 96-2410, pp. 8-9 (La.App. 4th Cir.4/30/97), 693 So.2d 349, 354, writ denied, 97-1605 (La.10/3/97), 701 So.2d 205. Therefore, we find no error in the trial court's rejection of these arguments against summary judgment.
Mr. Myles next asserts that the Named Driver Exclusion form executed in 1993 was no longer applicable at the time of this accident because, in the interim, he had obtained a second car that was added to his policy. He thus argues that under Donaghey v. Cumis Insurance Society, 600 So.2d 829 (La.App. 3d Cir.1992), the 1993 rejection of coverage for his daughter was invalidated because the exclusion form specifies that it applies only to "rewrite or renewal policies."
American Deposit's attorney admitted at oral argument before this court that, at some point between April 1993 and February 1997, it appears Mr. Myles obtained coverage for a 1994 Lincoln Town Car, in addition to the 1991 Toyota Camry originally covered. The insurer argues, however, that Donaghey, which involved the validity of a UM rejection rather than the validity of a named driver exclusion, is not controlling in this case.
We agree that the Donaghey decision does not mandate a particular result in the instant case. This court has previously recognized that, in contrast to the provisions of the UM statute, "[t]here are no statutory requirements regarding the applicability of named driver exclusions in instances of renewal or substitute [automobile] policies." Carter v. Patterson Ins. Co., 96-0111, p. 5 (La.App. 4th Cir.5/22/96), 675 So.2d 736, 739, writ denied, 96-1639 (La.10/4/96), 679 So.2d 1384. Nevertheless, an insurance exclusion must be strictly construed against the insurer and in favor of coverage. Calogero v. Safeway Ins. Co., 99-1625, p. 6 (La.1/19/00), 753 So.2d 170, 173. Furthermore, the American Deposit policy did not define the phrase "rewrite or renewal policies" appearing on the Named Driver Exclusion Form it presented for Mr. Myles' signature. Absent a specific policy provision regarding those changes that would permit a "renewal" as opposed to alterations necessitating a "new policy," the jurisprudence developed under the UM statute is persuasive.
Accordingly, there is a material question of fact that prevents the rendition of summary judgment on the issue of coverage in this case. Under jurisprudence pre-dating the execution of this 1993 named driver exclusion, the addition of a vehicle was held to create a new policy rather than a renewal. Thus, if coverage for the 1994 Lincoln was thereafter added *176 to the policy, an exclusion stated to apply to "rewrite or renewal policies" would no longer be in effect.
For these reasons, we find that American Deposit failed to establish that it is entitled to judgment as a matter of law under the policy language at issue. Accordingly, the summary judgment in favor of American Deposit is reversed, and the matter is remanded for further proceedings.
REVERSED AND REMANDED.
CIACCIO, J., dissents with reasons.
CIACCIO, J., dissenting with reasons.
I respectfully dissent.
The 1993 named driver exclusion form lists Wendy Myles and is identified with policy number DLA 2571871. The exclusion form declared that it applied to "all REWRITE OR RENEWAL POLICIES". The policy number 1172571871 appears on the face sheet of the 1997-1998 policy and recites: "Renewal of policy 1172571871." (underline added) The renewal policy lists Wendy Myles as an excluded driver.
I find that this was sufficient documentary evidence to support the summary judgement granted by the trial court.
NOTES
[1] Although the surname appears as "Miles" on some of the evidence and pleadings, it appears that "Myles" is the correct spelling.
[2] The Myles family subsequently filed a separate suit for damages against American Deposit, but as that matter was not consolidated with this action, it is not before us.