LSUSAN M. CHEHARDY, Judge.
This appeal arises in a suit against various insurers for failure to defend and indemnify the insureds against liability in another lawsuit. The trial court granted summary judgment in favor of one of the defendants, Federal Insurance Company, and the plaintiffs appeal. We affirm.
The original lawsuit was a dispute among the owners of an automobile dealership in which two of the owners (Robert Weinmann and Cindy Weinmann) filed suit for dissolution of the company. See Weinmann v. Duhon, 01-1267 (La.App. 5 Cir. 3/26/02), 818 So.2d 206, writ denied, 02-2082 (La.11/1/02), 828 So.2d 574.
During the course of the suit, the owners who had been defendants (Troy J. Duhon, Michael M. Seago, and David R. Williams) and the company itself (Regency Motors of Metairie, LLC d/b/a Regency *907 Ford) filed the instant suit against various insurers for breach of contract arising from those insurers’ refusal to defend and indemnify them in the Weinmann suit.[1]
| aAmong the insurers was Federal Insurance Company.[2] Federal issued umbrella coverage to Regency Motors that was excess to a $1 million comprehensive general liability policy issued by Legions Insurance Company. Federal raised affirmative defenses, among them coverage defenses.
Plaintiffs filed a motion for partial summary judgment, asserting that the claims in the Weinmann suit clearly were covered under the “wrongful eviction” provision in the policy definition of “personal injury,” so that plaintiffs were entitled to a defense of all the allegations and, thus, to partial summary judgment enforcing the duty to defend.
Federal filed a motion for summary judgment, asserting that the claims do not constitute a personal injury within the meaning of its insurance policy and that its obligation to defend cannot be triggered absent payment of the $1 million underlying limits. The trial court granted the motion and plaintiffs appealed.
On appeal plaintiffs contend the trial court erred in granting Federal’s motion for summary judgment, because the pleadings in the Weinmann lawsuit set forth factual allegations supporting claims for wrongful eviction and malicious prosecution that were covered under the Federal policy.
In opposition, Federal asserts, first, that the judgment granting its motion for summary judgment is not a final judgment for purposes of appeal, so that this court does not have jurisdiction over the appeal. Second, Federal contends the underlying corporate dissolution suit did not allege a covered offense that would trigger a duty to defend on the part of Federal.
| ¿APPEALABILITY OF JUDGMENT
First, we note that this matter is appeal-able under La.C.C.P. art. 1915(A)(3), which provides that a final judgment may be rendered, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court grants a motion for summary judgment as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).
Defendant asserts that this was a summary judgment granted pursuant to Article 966(E), which is a summary judgment “dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case.” We disagree; this summary judgment disposed of all the plaintiffs’ claims against Federal, by finding there is no coverage for the claims under Federal’s policy. Hence, it was not a partial summary judgment as to Federal.
We are not restricted by the cases cited by defendant to support its argument that this judgment is not appealable, because those cases were rendered prior to a 1999 *908 amendment to Article 1915(B)(1).[3] Prior to the 1999 amendment, a judgment that related to “as to one or more but less than all of the claims, demands, issues, theories, or parties [emphasis added]” could not constitute a final judgment unless designated as such by the court “after an express determination that there is no just reason for delay.”
Acts 1999, No. 1263, § 1, eliminated the term “parties” from (B)(1) to eliminate confusion with Article 1915(A). A partial final judgment under Article 1915(B) is appealable only if so designated by the court, while a final judgment | Bunder Article 1915(A) is appealable without being so designated, except for a partial summary judgment under Article 966(E). As mentioned above, Art. 966(E) is not applicable to the summary judgment in favor of Federal; thus, the judgment before us is ap-pealable.
COVERAGE
The policy states it provides coverage for legal liability of the insured for, among other things, personal injury during the policy period. The policy defines personal injury as follows, in pertinent part:
Personal injury means injury, other ■than bodily injury, arising out of one or more of the following offenses committed in the course of your business ...:
* * *
2. malicious prosecution;
3. the wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person or persons occupy, by or on behalf of its owner, landlord or lessor;....
The question is whether the allegations in the Weinmanns’ petition fit into any of those categories, so as to trigger a duty to defend.
The burden of proof is on the plaintiff to establish every fact essential to his claim and that his claim is within the insurance policy coverage. Gandy v. United Services Auto. Ass’n, 98 215 (La.App. 1 Cir. 10/14/98), 721 So.2d 34, 36, writ denied, 98-2836 (La.1/15/99), 786 So.2d 208.
“Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy, and as amplified, extended, or modified by any rider, endorsement, or application attached to or made a part of the policy.” La.R.S. 22:654.
The original petition in Weinmann was titled Petition for Judicial Dissolution of Limited Liability Company and Alternatively for Declaratory Judgment. It set out the parties’ various ownership interests in the company as well has their written agreements regarding organization and operation of the company. It alleged that Duhon and Seago engaged in activities and executed documents that violated and conflicted with the Operating Agreement.
In addition, the original petition related actions taken by the parties to make and enforce their plans against the opposing parties, and petitioned the court for judicial dissolution of the company on the ground it is no longer reasonably practicable to carry on business in conformity with the articles of organization and operating agreement. Alternatively, it sought a declaration of the Weinmanns’ rights and status as member/managers of the company.
In the First Supplemental and Amended Petition, the Weinmanns sought a tem *909 porary restraining order and preliminary injunction. They alleged that the defendants wrote to Robert Weinmann and informed him he would no longer have access to any of the LLC member/manager information or documents, including the books and accounts. They alleged further that the defendants signed a document that purported to expel the Weinmanns from the LLC. The “Expulsion Action” also threatened the Weinmanns with legal action “if they attempt to continue participating in, attending to or appearing on the property of the LLC:... ”
Plaintiffs assert that the Weinmanns’ allegations against them are subject to the “wrongful eviction” definition of personal injury. We disagree.
Black’s Law Dictionary (7th ed.1999) defines “eviction” as follows, in pertinent part:
The act or process of legally dispossessing a person of land or rental property....
Actual eviction. A physical expulsion of a person from land or rental property.
Constructive eviction. 1. A landlord’s act of making premises unfit for occupancy, often with the result that the tenant is compelled to leave. 2. The inability of a land |7purchaser to obtain possession because of paramount outstanding title.
The dictionary defines “wrongful” as, “[cjharacterized by unfairness or injustice .... [cjontrary to law; unlawful.” Black’s Law Dictionary (7th ed.1999)
The Weinmanns did not allege they were evicted from any premises they had a right to occupy. Rather, they alleged they were threatened with legal action if they continued to participate in, attend to, or appear on the property of Regency Ford. There was no actual impingement on any possessory rights they may have had.
Nor do we find merit to plaintiffs’ argument that there is coverage under the “malicious prosecution” aspect of the policy’s personal injury definition. “Malicious prosecution” is “[t]he institution of a criminal or civil proceeding for an improper purpose and without probable cause” or “[t]he cause of action resulting from the institution of such a proceeding.” Black’s Law Dictionary (7th ed.1999).
[T]he elements of a malicious prosecution action are: (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff.
Jones v. Soileau, 448 So.2d 1268, 1271 (La.1984).
The Weinmanns did not allege that legal action was taken against them — rather, they were threatened with legal action. A mere threat does not equate to a prosecution. The acts the Weinmanns alleged against their co-owners clearly do not fit within the definition of malicious prosecution.
|sFor the foregoing reasons, we find no error in the trial court’s determination that Federal Insurance Company is entitled to summary judgment. The judgment is affirmed. Costs of this appeal are assessed against the appellants.

AFFIRMED.

. Allen Krake, one of the owners, was named as a plaintiff in this suit, but filed a motion to strike his name from the petition and to amend the petition by having his name removed. The motion was granted, so Krake is not one of the plaintiffs in this case, despite the appearance of his name on the record.

. Federal is misnamed Chubb Indemnity Insurance Company in the petition; Federal actually is a subsidiary of the Chubb Group of Insurance Companies.

. Bleuler v. Isacks Const. Co., Inc., 99-294 (La.App. 5 Cir. 11/10/99), 748 So.2d 1182; Guimmo v. Albarado, 98-242 (La.App. 5 Cir. 9/29/98), 720 So.2d 90.