STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

05-1298


BILLY L. REED AND TERESA REED

VERSUS

AMERICAN EQUITY INSURANCE CO., ET AL.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
PINEVILLE CITY COURT
PARISH OF RAPIDES, NO. 3-0200
HONORABLE JESSE PHILLIP TERRELL, JR., CITY COURT JUDGE


\*\*\*\*\*\*\*\*\*\*


ULYSSES GENE THIBODEAUX
CHIEF JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and James T. Genovese, Judges.

REVERSED AND REMANDED.


Jeffery Paul Robert
Law Firm of Grayson H. Brown
III United Plaza - Suite 350
8545 United Plaza Boulevard
Baton Rouge, LA 70809
Telephone: (225) 924-9585
COUNSEL FOR:
    Defendant/Appellant - American Equity Insurance Company

Kevin Lawrence Cole
3 Sanctuary Boulevard
Mandeville, LA 70471
COUNSEL FOR:
    Defendants/Appellees - Universal Specialty Underwriters of La., Inc.
    and Duane Ransome

**Donald James Armand, Jr.**
**PETTIETTE, ARMAND, DUNKELMAN**
**P. O. BOX 1786**
**Shreveport, LA 71166-1786**
**Telephone:  (318) 221-1800**
**COUNSEL FOR:**
      **Defendant/Appellee - C. H. Delaney**

**Andrew Parker Texada**
**Stafford, Stewart & Potter**
**P. O. Box 1711**
**Alexandria, LA 71309**
**Telephone:  (318) 487-4910**
**COUNSEL FOR:**
      **Defendants/Appellees - Classic's by C.H., Johnnie L. Bell, and Delaney Can Company, Inc.**

**Eugene A. Ledet, Jr.**
**RIVERS, BECK & DALRYMPLE**
**P. O. Drawer 12850**
**Alexandria, LA 71315-2850**
**Telephone:  (318) 445-6581**
**COUNSEL FOR:**
      **Plaintiff/Appellee - Teresa Reed and Billy L. Reed**

**Jeffrey Scott Ingram**
**P. O. Box 648**
**Alexandria, LA 71309**
**Telephone:  (318) 443-4090**
**COUNSEL FOR:**
      **Defendant/Appellee - State Farm Mutual Auto Ins. Co.**

**Kerrie T. Belsome**
**755 Magazine Street**
**New Orleans, LA 70130**
**Telephone:  (504) 581-5141**
**COUNSEL FOR:**
      **Defendant/Appellee - Thomasee Insurance Agency, Inc.**

THIBODEAUX, Chief Judge.

Defendant-appellant, American Equity Insurance Company (American Equity), appeals the trial court's grant of a partial summary judgment in favor of cross-claimants-appellees, Johnnie L. Bell (Bell), C. H. Delaney d/b/a Classics By C.H. (Classics), and Delaney Can Company, Inc. (Delaney Can). The judgment declared that American Equity's policy provided liability coverage to the cross-claimants-appellees for the claims asserted in the automobile personal injury action filed by plaintiffs, Billy L. Reed and Teresa Reed. For the reasons assigned below, we reverse and remand on the basis that genuine issues of material fact exist regarding whether the vehicle driven by Bell was a "specifically described auto," i.e., a covered vehicle under the policy.

## I.

## ISSUE

Did the trial court erroneously find that no genuine issues of material fact existed that would preclude a finding of liability coverage for the claims asserted?

## II.

## FACTUAL BACKGROUND

On January 10, 2003, Bell, an employee of Delaney Can, was involved in a car accident while on-duty. He was driving a 1989 Dodge 6000 truck to deliver portable toilets. While en route to the first delivery site, one of the portable toilets fell off the truck bed and struck the car being driven by plaintiff, Teresa Reed.

At the time of the accident, Bell was driving a truck that had been taken off the premises of Classics. C. H. Delaney, who is also the president and majority shareholder of Delaney Can, permitted Bell to use one of the dealership's vehicles as

1

a substitute for Delaney Can's regular vehicle that was in need of repair. According to C. H. Delaney, the truck picked up by Bell at the dealership was a recent auction purchase by Classics that was to be sold at the used car lot.

Classics possessed an American Equity commercial garage liability policy. The policy was issued on May 11, 2002 and was effective until May 11, 2003. The January 10, 2003, accident occurred within this coverage period.

On April 4, 2003, Mrs. Reed and her husband, Billy Reed, sued Bell, Delaney Can, Classics, C. H. Delaney, individually, and American Equity to recover bodily injury, loss of consortium, and property damages. American Equity accepted a tender of the defense of C. H. Delaney[1] and Classics; however, it reserved its rights to later deny coverage based, preliminarily, on lack of proof that the truck driven by Bell was owned by the policy holder, Classics, or that Bell was engaged in "garage operations" at the time of the accident. American Equity asserted that without proof that the vehicle was an "owned auto" that was listed specifically in the policy, liability coverage would not apply. Moreover, it was asserted that the use of the truck to make deliveries, as Bell was doing at the time of the accident, did not meet the definition of "garage operations," which was also necessary to invoke coverage for the subject accident.

Bell, Classics, and Delaney Can filed a cross-claim against American Equity and then filed a motion for partial summary judgment, seeking a declaration of liability coverage. They argued that liability coverage applied because there was no factual dispute that at the time of the accident Bell was permissively using one of the policy holders' owned autos to engage in "garage operations." This contention was based on the assertion that Delaney's affidavit, attesting to Classics' ownership

_____

[1]C. H. Delaney later hired separate counsel to represent him in his individual capacity in this suit.

2

of the truck at issue, was sufficient proof of its ownership by an insured. In addition, they contended that the policy broadly defined "garage operations" as "the ownership, maintenance or use of an owned automobile" and, as a result, Bell's use of the truck satisfied that definition. It was also argued that liability coverage extended to this accident because Bell was a listed driver on the policy's "Named Driver Limitation" endorsement. This endorsement granted liability coverage to those persons expressly named who would otherwise be excluded from coverage for the use of "covered autos" that did not constitute garage operations. Finally, they alternatively argued that because Bell was using the vehicle with the permission of the owner, liability coverage automatically extended to the accident pursuant to Louisiana's mandatory liability law, as set forth in La.R.S. 32:900, regardless of any exclusions in the policy that might be urged to otherwise deny liability coverage.

A hearing was held and the trial court rendered judgment declaring that the policy provided liability coverage for the claims asserted by the Reeds. American Equity appealed.

## III.

## LAW AND ANALYSIS

### The Standard of Review

Summary judgments are reviewed de novo on appeal. *See State Farm Mut. Auto. Ins. Co. v. Landry*, 96-331 (La.App. 3 Cir. 10/9/96), 688 So.2d 1125 (citing *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991)). Accordingly, our review of this matter requires application of the same standards as those applied by the trial court. *Id*. These standards require us to adhere to La.Code Civ.P. art. 966, which provides that summary judgment shall be granted forthwith, as a matter of law, when the mover establishes with competent evidence, consisting of

3

pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits, that there is no genuine issue as to a material fact and that he is entitled to judgment as a matter of law. *See also Hayes v. Autin*, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, *writ denied*, 97-0281 (La. 3/14/97), 690 So.2d 41.

Prior to this final determination being made, we are to assess whether the party opposing the motion has responded with competent documents to produce evidence of a material factual dispute as to the claims asserted. *Id*. We recognize, however, that more than merely the existence of a scintilla of evidence is needed to survive the motion. *See Davis v. Bd. of Sup'rs of La. State Univ.*, 97-382 (La.App. 4 Cir. 3/18/98), 709 So.2d 1030, *writ denied*, 98-1329 (La. 6/26/98), 719 So.2d 1288. Rather, in an ordinary civil case such as this, when summary judgment is sought based on the lack of a material fact, we are required to ask "whether a fair-minded jury could return a verdict for the non-moving party on the evidence presented." *Id*. at 1034 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505 (1986)). Equal scrutiny is required to be given to the supporting documentation submitted by the parties and there is no overriding presumption in favor of trial. *Hayes*, 685 So.2d 691.

We are also mindful that in the context of a summary judgment motion involving a coverage issue, a declaration of a lack of coverage under an insurance policy shall not be rendered unless there is no reasonable interpretation of the policy, according to the undisputed material facts shown, under which coverage could be afforded. *See Jones v. Estate of Santiago*, 03-1424 (La. 4/14/04), 870 So.2d 1002. In *Hayes*, 685 So.2d at 694 (quoting *Smith v. Our Lady of the Lake Hosp.*, 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751), we recognized that material facts are those which are crucial to the determination at issue:

> A fact is 'material' when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. *Penalber v. Blount*, 550 So.2d 577, 583 (La.1989). '[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute.' *South Louisiana Bank v. Williams*, 591 So.2d 375, 377 (La.App. 3d Cir. 1991), *writs denied*, 596 So.2d 211 (La.1992).

## Coverage

*The Insurance Policy*

We first address American Equity's argument that summary judgment regarding the existence of liability coverage was improper because there remained a genuine issue as to the material fact of what liability coverages were effective in the policy issued to Classics. This asserted dispute is based on the fact that two policies showing different coverages were filed into the record by the respective parties. At the summary judgment hearing, American Equity filed in the record a certified copy of the insurance policy that was issued to Classics. American Equity had also previously filed in the record Classics' Certificate of Liability Insurance issued by the State of Louisiana, which is self-authenticating according to La.Code Evid. art. 905. On the other hand, the movers attached an uncertified copy of the purported policy as an exhibit to their memorandum in support of the partial motion for summary judgment.

The submissions differ in one relevant respect:[2] American Equity's copy of the policy, as well as the state-issued Certificate of Insurance, shows that liability coverage for "owned autos" and "specifically described autos" was provided by the

---

[2]The policy of insurance filed by American Equity is missing page two of the two-page "Nuclear Energy Liability Exclusion Endorsement (Broad Form)." However, we do not find this uncontroverted, omission to be material to the issue of coverage.

policy; the movers' uncertified copy of the policy shows the existence of liability coverage for "owned autos" only.

Louisiana's Code of Evidence requires, as a condition precedent to the admissibility of evidence, that it be authenticated or identified to support a finding that the material in question is what it is purported to be. La.Code Evid. art. 901(A). However, uncertified insurance policies that are filed with a motion for summary judgment, as was done in this case, may be considered if nothing in the record calls their authenticity into question. *See Adams v. Arceneaux*, 00-1440 (La.App. 1 Cir. 6/22/01), 809 So.2d 190, *writ denied*, 01-2559 (La. 12/7/01), 802 So.2d 640; *see also, American Deposit Ins. Co. v. Myles*, 99-2659 (La.App. 4 Cir. 5/31/00), 764 So.2d 173, *aff'd and remanded by* 00-2457 (La. 4/25/01), 783 So.2d 1282. In this case, the policy that was presented as an exhibit by the movers has been challenged and its contents contradicted by certified copies of the policy and the certificate of insurance, which reflect an additional liability coverage. Therefore, we find that the policy submitted by the movers is not reliable documentary evidence of the policy or the applicable coverages that were in effect at the time of the accident.

We are satisfied with the authenticity of the policy and the Certificate of Insurance filed by American Equity. Accordingly, we do not find that the existence of contradictory policies filed in the record presented a genuine issue of material fact that should have precluded a determination of the existence of coverage. Rather, the question of coverage for the claims brought as a result of the accident at issue may be answered by looking at the coverages designated in the certified copy of the policy.

*Does a Genuine Issue Remain as to Whether the Dodge Truck was a "Covered Auto" Under the Liability Policy?*

In order to determine whether coverage applies, the policy requires a determination that the accident involving the Reeds resulted from "garage operations" involving the ownership, maintenance and use of a covered "auto." Specifically, the policy states:

**SECTION II - LIABILITY COVERAGE**

**B.    Coverage**

. . . .

**2.    "Garage Operations" - Covered "Autos"**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos."

"Garage operations" is defined by the policy in the following manner:

**SECTION VI. - DEFINITIONS**

. . . .

**H.**    "Garage operations" means the ownership, maintenance or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations. "Garage operations" includes the ownership, maintenance or use of the "autos" indicated in Section I of this Coverage Form as covered "autos." "Garage operations" also include all operations necessary or incidental to a garage business.

According to the Garage Coverage Form of the policy, liability insurance was in effect for the following types of covered autos: "owned autos" and "specifically described autos." These two coverages were reflected, respectively, on the Garage Coverage Form Declarations page in "Item Two - Schedule of Coverages

7

and Covered Autos" by the symbols 22 and 27.  The two coverages were described as follows:

## SECTION I - COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages.  The following numerical symbols describe the "autos" that may be covered "autos."  The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos."

**A.    Description Of Covered Auto Designation Symbols**

| Symbol | Description of Covered Auto Designation Symbols |
| --- | --- |

. . . .

**22**        Owned "Autos" Only

Only those "autos" you own . . . . This includes those "autos" you acquire ownership of after the policy begins.

. . . .

**27**        Specifically Described "Autos"

Only those "autos" described in . . . Item Nine of the Dealers' Supplementary Schedule for which a premium charge is shown . . . .

**B.    Owned Autos You Acquire After the Policy Begins**

**1.**    If symbols **21, 22, 23, 24, 25** or **26** are entered next to a coverage in Item Two of the Declarations, then you have coverage for "autos" that you acquire for the type described for the remainder of the policy period.

**2.**    But, if symbol **27** is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage *only if*:

> **a.** We already cover all "autos" that you own for that coverage *or* it replaces an "auto" you previously owned that had that coverage; *and*
>
> **b.** You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

(Emphasis added).

The burden of proof rests with the movers to establish each fact essential to their claim and that their claim is within the insurance policy coverage. *Regency Motors of Metairie, L.L.C. v. Hibernia-Rosenthal Ins. Agency, L.L.C.*, 03-1312 (La.App. 5 Cir 2/23/04), 868 So.2d 905, *writ denied*, 04-753 (La. 5/7/04), 872 So.2d 1087 (citing *Gandy v. United Services Auto. Ass'n*, 98-215 (La.App. 1 Cir. 10/14/98), 721 So.2d 34, *writ denied*, 98-2836 (La. 1/15/99), 736 So.2d 208). Addressing, first, the issue of ownership, we find that the movers filed the affidavit of C. H. Delaney. He averred in the affidavit that the Dodge truck was owned by Classics. Aside from that attestation, however, the movers did not submit any other proof of ownership. American Equity contends that the lone affidavit of Delaney was insufficient to establish ownership of the vehicle. But other than this argument and the assertion made by American Equity in its pleadings in this regard, which cannot be relied upon to counter the motion for partial summary judgment, it failed to present any competent evidence to contradict Delaney's attestation. *See* La.Code Civ.P. art. 967(B). Therefore, we are faced with the question of whether this affidavit satisfactorily satisfied the movers' burden of establishing ownership of the vehicle, and, consequently, that it was a covered auto under the policy.

As we reasoned in *Touchet v. Guidry*, 550 So.2d 308 (La.App. 3 Cir. 1989), an effective transfer of ownership of a vehicle may occur in this state even though the documentation of such transfer of title may not have been complied with in accordance with statutory law. Accordingly, we find that the unchallenged,

competent affidavit of Delaney, which swore to the ownership of the vehicle, met the movers' burden of asserting prima facie, albeit rebuttable, proof of ownership of the vehicle. Subsequent to this showing, however, American Equity failed to produce any contradictory evidence that would establish that the ownership of the vehicle remains a genuine issue for trial. Therefore, we find that no genuine issue remains as to the issue of ownership of the vehicle.

However, we do find that genuine issues of material fact still remain as to whether the truck is a covered auto under the liability policy. To begin with, if the truck was an after-acquired vehicle, which is argued as fact in the briefs of both parties, then we find that this policy requires that the terms of Section I(B)(2) be met in order for liability coverage to apply. That section requires that a showing be made that the policy already covers (1) all owned autos for that coverage *or* that it replaces an auto owned by the policy holder, *and* (2) that the policy holder notify the insurer within thirty days of the acquisition date of the desire to have the vehicle insured. Assuming, by virtue of the liability coverage designated by symbol "22" in the policy, that the policy holders had in effect coverage for all owned autos, we find, nevertheless, that the record contains no evidence that the second component to this section was satisfied. Specifically, although the affidavit of Delaney avers that Classics owns the truck in question, there is no information asserted as to its purchase date. Nor is there located in the record any evidence establishing that Classics provided to American Equity, within thirty days of its attainment of the vehicle, a request that it also be covered, in accordance with Section I(B)(2) of the policy.

Consequently, we find that these constitute multiple, genuine issues of material fact that should have precluded the grant of a summary judgment as to this

10

coverage issue.[3]  Since we find the existence of these issues sufficient to have prevented the determination of liability coverage on the evidence presented at the hearing, we pretermit discussion of the remaining issues raised by the parties.

IV.

## CONCLUSION

We find that multiple genuine issues of material fact exist that should have precluded the determination of liability coverage based on the facts in the record.  The judgment granting the motion for partial summary judgment is reversed and this case is remanded for trial.  Costs of this appeal are assessed to cross-claimants-appellees, Johnnie L. Bell, C. H. Delaney d/b/a Classics By C.H., and Delaney Can Company, Inc.

**REVERSED AND REMANDED.**

---

[3]Our conclusion does not preclude the existence of coverage.  Coverage may well exist once all facts relevant to coverage are ultimately determined.  At this juncture of these proceedings, however, a finding of coverage is legally untenable.