STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1299

GENEVA VIDRINE, ET AL.

VERSUS

JASON T. LAFLEUR, LOUISIANA
FARM BUREAU INSURANCE COMPANY,
AND LOUISIANA FARM BUREAU CASUALTY
INSURANCE COMPANY

**********
APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT,
PARISH OF EVANGELINE, 67,352-B
HONORABLE THOMAS F. FUSELIER, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Billy Howard Ezell, J. David Painter, and James T. Genovese.

**REVERSED AND REMANDED.**

Ezell, J. and Genovese, J., concur in the result.

Frank M. Walker, Jr.
Plauche, Smith & Nieset
P.O. Drawer 1705
Lake Charles, LA 70602
Counsel for Defendant-Appellant:
    Louisiana Farm Bureau Casualty Insurance Company

Jason M. Welborn
Joseph F. Gaar, Jr.
J.P. D'Albor
Attorneys at Law
P.O. Drawer 2069
Lafayette, LA 70502
Counsel for Plaintiffs-Appellees:
    Geneva and Winston Vidrine

**PAINTER, Judge.**

Plaintiffs, Geneva and Winston Vidrine, filed a motion for summary judgment seeking a declaration that a farm liability policy issued to Defendant, Jason LaFleur, provided coverage for an automobile accident based on allegations that Mr. LaFleur negligently attached his utility trailer to his pick-up truck. The trial court granted the motion for summary judgment. We reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 17, 2005, Mr. LaFleur was driving his pick-up truck on U.S. Highway 167. Attached to his truck was a utility trailer carrying an all terrain vehicle (ATV). Mr. LaFleur was en route from one farm field to another, and, according to Mr. LaFleur, he intended to use the ATV to check the water levels in certain rice fields. The utility trailer became detached from the truck and struck Mrs. Vidrine's vehicle, which was also traveling on Highway 167. Mrs. Vidrine allegedly suffered severe injuries in the accident.

Mrs. Vidrine and her husband filed suit against Mr. LaFleur and his automobile insurer, Louisiana Farm Bureau Insurance Company (Farm Bureau). Farm Bureau has apparently accepted coverage for the accident, and this policy is not at issue in this appeal. Louisiana Farm Bureau Casualty Insurance Company (Farm Bureau Casualty), which provided a farm liability policy to Mr. LaFleur, was added as a defendant some time later. Farm Bureau Casualty denied coverage based upon an "automobile use" exclusion in the policy. Farm Bureau Casualty filed a motion for summary judgment on the issue of coverage, which the trial court denied on August 16, 2006, on the basis of a finding that there was a material factual dispute as to the applicability of the exclusion to the subject accident. Both this court and the Louisiana Supreme Court denied Farm Bureau Casualty's applications for writs.

1

Almost a year later, on May 31, 2007, Plaintiffs filed a motion for summary judgment on the issue of Farm Bureau Casualty's coverage. The trial court granted the motion, finding that coverage did apply to this particular situation. This appeal followed. Finding that there still exists a genuine issue of material fact regarding coverage, we reverse and remand.

**DISCUSSION**

We review the trial court's grant of summary judgment in favor of Plaintiffs *de novo*, using the same criteria as the trial court. *Hines v. Garrett*, 04-806 (La. 6/25/04), 876 So.2d 764. We must determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B) and (C). In this case, the inquiry on *de novo* review involves three questions: (1) whether the exclusion is clear and unambiguous; (2) whether the exclusion applies to the facts of this case; and (3) whether there is a clear and unambiguous exception to the exclusion that is applicable to the facts of this case.

Ambiguous terms in an insurance contract are construed liberally in favor of the person claiming coverage. *Westerfield v. LaFleur*, 493 So.2d 600 (La.1986). An ambiguity in an insurance policy is said to exist when the pertinent provision can be reasonably construed in two different ways. *McCarthy v. Berman*, 95-1456 (La.02/28/96), 668 So.2d 721. . . .

The interpretation of an insurance policy is usually a legal question that can be properly resolved by a motion for summary judgment. *Miller v. Superior Shipyard and Fabrication, Inc.*, 01-2907, p. 4 (La.App. 1 Cir. 08/20/03), 859 So.2d 159, 162, *writ denied*, 03-2643 (La.12/12/03), 860 So.2d 1159. However, with respect to summary judgments relating to coverage issues, the Louisiana Supreme Court has said that summary judgment may not be rendered declaring lack of coverage unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion under which coverage could be afforded. *Westerfield* [*v. LaFleur*, 493 So.2d 600, 605 (La.186)]. Even though the *Westerfield* case was decided before the changes to La.Code Civ.P. art. 966 made summary judgments favored under the law, this particular holding has continued to be followed. *See Jessop v. City of Alexandria*, 2003-1500 (La.App. 3 Cir. 03/31/04), 871 So.2d 1140 *citing*

2

*Miller, v. Superior Shipyard and Fabrication, Inc.*, 01-2907, p. 4 (La.App. 1 Cir. 08/20/03), 859 So.2d 159, 162.

*Proshee v. Shree, Inc.*, 04-1145, pp. 3-4 (La.App. 3 Cir. 2/2/05) 893 So.2d 939, 942.

Farm Bureau Casualty contends that the following exclusion contained in the policy excludes coverage for this accident:

> 2.     Exclusions
>
> This insurance does not apply to:
>
> . . . .
>
> e.     Aircraft, motor vehicle, recreational motor vehicle, motorized bicycle or tricycle.
>
> "Bodily injury" or "property damage" arising out of:
>
> > (1)    Ownership or entrustment to others of any aircraft, "motor vehicle," "recreational motor vehicle," motorized bicycle or tricycle by an "insured";
> >
> > (2)    Maintenance, use, operation, or "loading or unloading" of any aircraft, "motor vehicle," "recreational motor vehicle," motorized bicycle or tricycle by any "insured" or any other person;

Plaintiffs, on the other hand, assert that the following exception to the exclusion applies:

> Paragraphs (1) and (2) of this exclusion do not apply to:
>
> . . . .
>
> (f)    "Bodily injury" or "property damage" arising from a "recreational motor vehicle" while used for "farming" purposes at the time of the "occurrence."

We find that the exclusion is clear and unambiguous and applies to the facts of this case. Thus, the third issue as to whether the exception to the exclusion applies is the crux of the case. The trial judge concluded that the "arising from" language found in the exception to the exclusion was ambiguous and, therefore, had to be

3

interpreted in favor of coverage. Farm Bureau Casualty argues that for the exception to be applicable, two criteria must be met: (1) the bodily injury must "arise from" the recreational motor vehicle, and (2) the injuries must "arise from" the recreational motor vehicle while it is being used for farming purposes at the time of the occurrence. Farm Bureau Casualty argues that Mrs. Vidrine's injuries do not arise from the ATV but rather from Mr. LaFleur's alleged negligent connection/attachment of his trailer to his pick-up truck or from a defective hitch. Farm Bureau Casualty also points out that the ATV did not become unhitched from the truck; it was the trailer which became unhitched; and it was the trailer which struck Mrs. Vidrine's vehicle. Thus, Farm Bureau Casualty contends that the injuries could not "arise from" the use of the ATV.

> To resolve the issue of whether a given occurrence falls within the automobile exclusion, the supreme court has developed a two-tier procedure. First, through duty-risk analysis, the court must determine whether the insured's conduct of which the plaintiff complains is a legal cause of the accident. If so, then the court must determine whether that conduct arose out of the use of the vehicle. *Carter v. City Parish Govt. of EBR*, 423 So.2d 1080 (La.1982); McKenzie & Johnson, Insurance (15 La.Civil Law Treatise) § 65. In order for the conduct to arise out of use, the automobile must be essential to the theory of liability; the specific duty breached by the insured must flow from use of the automobile. If the duty existed independently of the automobile, then liability does not arise out of use even though the duty could have been discharged by the use of an automobile. *Carter v. City Parish Govt.*, *supra*; *LeJeune v. Allstate*, 365 So.2d 471 (La.1978); McKenzie & Johnson, *supra*.

*Jones v. Louisiana Timber Co., Inc.*, 519 So.2d 333, 335-36 (La.App. 2 Cir. 1988).

We find the *Jones* case to be instructive here in that in order for the exception to be applicable, the injuries must arise from the use of the ATV. We do not agree with the trial judge that the "arising from" language in the exception to the exclusion is ambiguous. We are compelled to agree with Farm Bureau Casualty's argument that the "arising from" language is limited by the "while used for" language. Plaintiffs,

4

as movers, bear the burden of proof to establish each fact essential to their claim and that their claim is within the insurance policy coverage. *Regency Motors of Metairie, L.L.C. v. Hibernia-Rosenthal Ins. Agency, L.L.C.*, 03-1312 (La.App. 5 Cir. 2/23/04), 868 So.2d 905, *writ denied*, 04-753 (La. 5/7/04), 872 So.2d 1087 (*citing Gandy v. United Services Auto. Ass'n*, 98-215 (La.App. 1 Cir. 10/14/98), 721 So.2d 34, *writ denied*, 98-2836 (La. 1/15/99), 736 So.2d 208). They have not met this burden. Thus, we find that the trial court improperly granted summary judgment in favor of Plaintiffs.

## DECREE

For the foregoing reasons, the judgment of the trial court is reversed. We hereby reverse the grant of summary judgment in favor of Plaintiffs and remand the matter to the trial court for further proceedings. Costs of this appeal are assessed to Plaintiffs-Appellees, Geneva and Winston Vidrine.

**REVERSED AND REMANDED.**