PROYOSTY, J.
This 3b a suit for malicious prosecution, based on the fact that the defendant caused the plaintiff to be arrested on a charge of embezzlement.
[1,2] For the maintenance of a suit of *829 this kind a prima facie case of the prosecution having been without probable cause must be made out, by allegation and proof of the prosecution having terminated favorably to the plaintiff. In other words, the question of probable cause vel non must first have been fought out in the court of the prosecution; and there must have been an acquittal, or else an abandonment of the prosecution equivalent thereto. Greenleaf, vol. 2, p. 449: Starkie, Malicious Prosecution; 25 Oyc. 55; 2 L. R. A. (N. S.) 927 note. In this case the prosecution was abandoned, but only as the result of a compromise — of a compromise entered into at defendant’s instance. An abandonment, thus solicited by plaintiff, and brought about by a compromise, is not the equivalent of an acquittal.
[3] Perhaps plaintiff would have been acquitted if tried; and perhaps this court would find upon investigation of the facts that there was no probable cause for the prosecution although the learned trial judge found otherwise, and, indeed, would seem to have come to the conclusion that plaintiff was guilty; but the court in which a suit of this kind is brought cannot go into the inquiry of probable cause vel non unless a previous acquittal, or its equivalent, shall first have opened the door for such inquiry. Authorities, supra. This in the present case has not been done.
Judgment affirmed.