820 So.2d 486 (2002)
Ronald J. SAVOIE
v.
Richard L. RUBIN, et al.
Nos. 2001-CC-3275, 2001-CC-3276.
Supreme Court of Louisiana.
June 21, 2002.
*487 James E. Stovall, Counsel for Applicant.
Ronald J. Savoie, Gustave A. Fritchie, III, Vanessa M. Otero, Irwin, Fritchie, Urquhart & Moore, for Respondent.
PER CURIAM.[*]
We granted certiorari in this malicious prosecution case to consider whether the district court erred in denying defendants' exceptions of prematurity and no cause of action. For the reasons that follow, we now reverse that judgment.

FACTS AND PROCEDURAL HISTORY
In March 1999, Dr. Richard L. Rubin filed a legal malpractice suit in Orleans Parish against attorney Ronald J. Savoie. Rubin v. Westport Ins. Corp., No. 99-4044 on the docket of the Civil District Court for the Parish of Orleans (Rubin I). Less than one month later, Dr. Rubin filed an identical malpractice suit against Mr. Savoie in Jefferson Parish. Rubin v. Westport Ins. Corp., No. 537-481 on the docket of the 24th Judicial District Court for the Parish of Jefferson (Rubin II).
In response to Rubin I, Mr. Savoie filed an exception of improper venue, asserting that Orleans Parish was not a proper venue for Dr. Rubin's suit. On September 24, 1999, the district court rendered judgment granting the exception of improper venue and dismissing the suit with prejudice.[1] Meanwhile, Rubin II remained pending in Jefferson Parish.
Upon dismissal of Rubin I, Mr. Savoie filed the instant malicious prosecution and defamation lawsuit against Dr. Rubin, attorney Robert J. David, and the law firm of Gainsburgh, Benjamin, David, Meunier & Warshauer. Savoie v. Rubin, No. 00-7805 on the docket of the Civil District Court for the Parish of Orleans (Rubin III). Essentially, Mr. Savoie alleged that Dr. Rubin made false accusations against him in Rubin I and that Mr. David and his firm failed to perform an independent investigation of the facts before filing a legal malpractice suit on Dr. Rubin's behalf.
In response to Rubin III, Dr. Rubin, Mr. David, and his firm (collectively referred to hereinafter as "defendants") filed exceptions of prematurity and no cause of action. Essentially, they argued that because Rubin II remains pending in Jefferson Parish, Mr. Savoie's suit is premature and he does not have a cause of action for malicious prosecution. Mr. Savoie opposed the exceptions, arguing that the judgment of dismissal with prejudice in Rubin I is a final judgment by operation of La.Code Civ. P. art. 1673.
After a hearing, the district court denied defendants' exceptions of prematurity and no cause of action, without assigning written reasons. Defendants applied for supervisory writs from this ruling. The court of appeal denied the writ without comment.
Defendants then applied to this court. We granted the writ and remanded the case to the court of appeal for briefing, argument and full opinion.[2] On remand, *488 the court of appeal affirmed the judgment of the district court, finding the judgment of dismissal with prejudice in Rubin I is a final judgment.
Upon defendants' application, we granted certiorari to review the correctness of that ruling.[3] The sole issue presented for our consideration is whether the judgment of the district court in Rubin I dismissing that suit with prejudice constitutes a final judgment on the merits of the underlying litigation, such that the malicious prosecution suit in Rubin III may now proceed.

DISCUSSION
One of the elements Mr. Savoie must prove in connection with his malicious prosecution suit in Rubin III is that there is a "bona fide termination" of the underlying litigation in his favor. Jones v. Soileau, 448 So.2d 1268 (La.1984). Mr. Savoie contends he has satisfied this element by proving that the judgment in Rubin I is a final judgment.
La.Code Civ. P. art. 1841 defines a final judgment as a "judgment that determines the merits in whole or in part...." It defines an interlocutory judgment as a "judgment that does not determine the merits the merits but only preliminary matters in the course of the action...." Applying this article, courts have found that a judgment sustaining an exception of improper venue is an interlocutory judgment. See, e.g., Thibaut v. Thibaut, 346 So.2d 809, 810 (La.App. 1st Cir.1977) ("we find this judgment is an interlocutory judgment under LSA-C.C.P. art. 1841, since it does not determine the merits but determines only a preliminary matter, venue, in the course of the action"). Nonetheless, Mr. Savoie asserts that because the dismissal in Rubin I was with prejudice, it had the effect of a final judgment under La.Code Civ. P. art. 1673, which provides that a "judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial."
While a literal reading of La.Code Civ. P. art. 1673 would support Mr. Savoie's interpretation, we believe that construing an interlocutory judgment of dismissal based on venue as a final disposition on the merits would produce an absurd or unintended result under the facts of this case. The function of the court is to interpret the laws so as to give them the meaning which the lawmakers obviously intended them to have and not to construe them so as to give them absurd or ridiculous meanings. Webb v. Parish Council of East Baton Rouge, 217 La. 926, 47 So.2d 718 (1950); Smith v. Town of Vinton, 209 La. 587, 25 So.2d 237 (1946).
The absurdity of a literal application of La.Code Civ. P. art. 1673 under the facts of this case is readily apparent. The obvious purpose of the "bona fide termination" requirement in malicious prosecution cases is that the underlying litigation should be brought to a conclusion on the merits before a malicious prosecution suit based on the underlying litigation is allowed to proceed. It has been held that this requirement is not satisfied when the merits of the underlying proceeding have not been reached. See Irby v. Harrell, 140 La. 828, 74 So. 163 (1917) (abandonment of prosecution as a result of a compromise is not the same as a termination of litigation in plaintiff's favor). Mr. Savoie's interpretation of La.Code Civ. P. art. 1673 would render this requirement meaningless and allow him to proceed on his malicious prosecution suit without a bona fide termination of the underlying proceedings.[4]
*489 Quite simply, the district court's dismissal of Rubin I based on an exception of improper venue cannot be equated to a "bona fide termination" of the underlying litigation in Mr. Savoie's favor. Whatever the intention of the district court in Rubin I in using the phrase "with prejudice," we find the inclusion of that phrase is not sufficient to transform that interlocutory judgment into a judgment on the merits sufficient to allow Mr. Savoie to proceed on his malicious prosecution claims in Rubin III.[5] Accordingly, the district court erred in denying defendants' exceptions of prematurity and no cause of action.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed. The exceptions pleading prematurity and no cause of action filed by defendants, Robert J. David, Gainsburgh, Benjamin, David, Meunier & Warshauer, and Richard L. Rubin, are hereby granted, and the lawsuit is dismissed. All costs in this court are assessed against plaintiff.
NOTES
[*] Retired Justice Walter F. Marcus, Jr., assigned as Justice ad hoc, sitting for Associate Justice Catherine D. Kimball, recused.
[1] During a hearing in Rubin II, Dr. Rubin's counsel admitted that he intentionally requested that Rubin I be dismissed with prejudice, in order to preclude Mr. Savoie from bringing an exception of lis pendens in Rubin II.
[2] Savoie v. Rubin, 01-0427, 01-0441 (La.6/1/01), 793 So.2d 173.
[3] Savoie v. Rubin, 01-3275, 01-3276 (La.2/22/02), 810 So.2d 1139, 1140.
[4] As earlier noted, the merits of the underlying litigation remain pending in Rubin II. Interestingly, Mr. Savoie filed an exception of res judicata in that proceeding, asserting that the judgment in Rubin I was conclusive. The district court in Rubin II denied the exception, and we denied writs. Rubin v. Westport Insurance Corp., 01-0772 (La.6/1/01), 793 So.2d 192.
[5] Because our inquiry is limited to the exceptions of prematurity and no cause of action, we need not resolve the question of whether the "with prejudice" language is totally without effect. Arguably, it may have some limited preclusive effect with regard to the venue issue, such as preventing the filing of a new suit in Orleans Parish.