Judge Joy Cossich Lobrano
In this motor vehicle accident case, appellants, Crystal Reed and Tanesha Hardy, appeal the June 29, 2018 judgment of the district court granting the exception of improper venue filed by appellees, the State of Louisiana, through its Department of Public Safety and Corrections, and Dinerra Cotton, and dismissing appellants'
*1275 lawsuit without prejudice. The district court determined that the only proper venue for this litigation, pursuant to the Prison Litigation Reform Act, La. R.S. 15:1181 et seq. , was East Baton Rouge Parish, where appellants were housed as inmates at the Louisiana Correctional Institute for Women during the time of the accident at issue this case.[1]
After the district court rendered judgment, appellants filed a motion for new trial on July 5, 2018. The district court denied the motion for new trial in its judgment dated August 24, 2018. On October 1, 2018, appellants filed a motion for devolutive appeal, which the district court granted in an order dated October 11, 2018. For the following reasons, we dismiss the appeal.
This appeal arises from an adverse ruling on venue. An adverse ruling on venue is interlocutory in nature. Blow v. OneBeacon Am. Ins. Co. , 2016-0301, p. 2 (La. App. 4 Cir. 4/20/16), 193 So.3d 244, 247 (citing Land v. Vidrine , 2010-1342, p. 5 (La. 3/15/11), 62 So.3d 36, 39 ; Savoie v. Rubin , 2001-3275, 2001-3276, p. 3 (La. 6/21/02), 820 So.2d 486, 488 ). To obtain review of the ruling, the adversely affected party must timely apply for supervisory writs. Id. , 2016-0301, pp. 2-3, 193 So.3d at 247. "The party may not await the rendition of a final judgment which adjudicates all issues as to all parties and then request appellate review as is otherwise available with respect to other interlocutory rulings." Id. , 2016-0301, p. 3, 193 So.3d at 247.
Rule 4-3 of the Uniform Rules-Courts of Appeal allows 30 days from the date of the ruling to file an application for supervisory writs. This Court has "exercised its discretion to convert an appeal of a non-appealable judgment into an application for supervisory writs" where both of the following circumstances occur:
(i) The motion for appeal has been filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Rule 4-3 of the Uniform Rules, Courts of Appeal.
(ii) When the circumstances indicate that an immediate decision of the issue sought to be appealed is necessary to ensure fundamental fairness and judicial efficiency, such as where reversal of the trial court's decision would terminate the litigation.
Lee v. Sapp , 2017-0490, pp. 4-5 (La. App. 4 Cir. 12/6/17), 234 So.3d 122, 126 (citing Mandina, Inc. v. O'Brien , 2013-0085, pp. 7-8 (La. App. 4 Cir. 7/31/13), 156 So.3d 99, 104 ; Delahoussaye v. Tulane Univ. Hosp. and Clinic , 2012-0906, 2012-0907, pp. 4-5 (La. App. 4 Cir. 2/20/13), 155 So.3d 560, 563 ).
Additionally, motions for new trial only apply to final judgments. Daniels v. SMG Crystal, LLC , 2013-0761, p. 9 (La. App. 4 Cir. 12/4/13), 128 So.3d 1272, 1277. "[T]he filing of a motion for new trial seeking reconsideration of an interlocutory judgment cannot interrupt the 30-day period for filing an application for supervisory writs established by Rule 4-3 of the Uniform Rules-Courts of Appeal." Whitney Nat'l Bank v. Landrieu , 2018-0357, p. 4 (La. App. 4 Cir. 6/27/18), 250 So.3d 322, 324 (quoting Carter v. Rhea , 2001-0234, p. 5 (La. App. 4 Cir. 4/25/01), 785 So.2d 1022, 1025 ). "Thus, 'while [a] motion for appeal could be construed to be a notice of intent to seek supervisory writs, it could not be construed as a timely one where it was filed more than thirty days from the court's ruling.' "
*1276 Dearmon v. St. Ann Lodging, L.L.C. , 2018-0377, p. 4 (La. App. 4 Cir. 9/7/18), 255 So.3d 635, 638 (citations omitted)("the motion [for appeal] was filed untimely for a writ application, and if we allowed the conversion, the writ application would be dismissed because of untimeliness").
In this matter, the judgment and notice of judgment are dated June 29, 2018. The motion for appeal was not filed until October 1, 2018. The June 29, 2018 judgment is not a final, appealable judgment. The proper procedural device to seek review of a judgment granting or denying an exception of improper venue is an application for supervisory writs. The motion for new trial cannot interrupt the 30-day period for filing an application for supervisory writs. The motion for appeal was not filed within the 30-day time period for filing an application for supervisory writs. Accordingly, this Court is unable to invoke its supervisory jurisdiction to convert the appeal to an application for supervisory writs.
For these reasons, the appeal is dismissed.
APPEAL DISMISSED

La. R.S. 15:1184(F) provides, in relevant part, "[t]he exclusive venue for delictual actions for injury or damages shall be the parish where the prison is situated to which the prisoner was assigned when the cause of action arose...."