JOHNSON, J.
Defendants/Relators, Andrea Williams and Kenneth Lemieux, seek this Court's supervisory review of the trial court's October 18, 2018 denial of their motion for summary judgment. After de novo review, we find that Defendants are entitled to summary judgment as a matter of law. Accordingly, we reverse the trial court's ruling and grant summary judgment in favor of Defendants, dismissing Plaintiff's claims against Defendants with prejudice.[1]
*765 On February 27, 2015, Plaintiff, Donald Hogan, filed a "Petition for Damages for Libel, Slander, Malicious Prosecution" against Defendants in connection with a 2012 federal discrimination lawsuit filed by Defendants against Mr. Hogan and other parties.[2] In his petition, Mr. Hogan alleged that Defendants filed a civil rights action against him in federal court while he was the Assistant Director of the Jefferson Parish Streets Department. He asserted that all allegations made against him in the federal lawsuit were false and retaliatory.[3] He averred Defendants communicated the factual allegations of the federal complaint to third parties and intentionally damaged his reputation. Mr. Hogan further alleged that he denied all allegations against him in the federal lawsuit and that he was dismissed from the federal lawsuit without paying any damages to Defendants.
Defendants filed a motion for summary judgment on May 23, 2018, claiming that Mr. Hogan could not establish a prima facie case of malicious prosecution because he could not show there was a bona fide conclusion of the underlying federal litigation in his favor, which is an essential element in a cause of action for malicious prosecution. Defendants maintained that the underlying federal litigation had been settled between the parties, resulting in the dismissal of the federal lawsuit on January 23, 2015. Relying on Ulmer v. Frisard , 06-377 (La. App. 5 Cir. 10/31/06), 945 So.2d 85, Defendants argued that settlement of the underlying lawsuit is not a bona fide termination of the underlying litigation in favor of the present plaintiff (Mr. Hogan) and, therefore, there could not be, as a matter of law, a claim for malicious prosecution.[4]
Defendants also asserted that Mr. Hogan could not establish a claim for defamation/libel/slander because (1) the underlying federal lawsuit had been settled - thus he could not show the statements had been proven false in that litigation, and (2) he could not establish the statements made in the federal complaint were made with actual malice and without probable cause - an essential element to a defamation/libel/slander claim.
Mr. Hogan subsequently filed a cross-motion for summary judgment in response to and in opposition to Defendants' motion for summary judgment. He argued that the settlement reached in the federal lawsuit was between Defendants and Jefferson Parish and did not involve him. Mr. Hogan maintained that he (1) did not agree to settle the federal lawsuit, (2) did not pay any money to settle, and (3) did not execute any settlement documents. He asserted that Defendants agreed to voluntarily dismiss him based on their settlement with Jefferson Parish and that he specifically reserved his right to bring the instant claim. Thus, Mr. Hogan averred that Defendants' arguments based on "settlement" of the federal lawsuit were misplaced. Mr. Hogan further argued that there was a total absence of any evidence *766 supporting Defendants' federal suit and, thus, Defendants' claims were libelous and the prosecution was malicious. As such, he sought summary judgment in his favor on the merits of his current lawsuit.
On October 1, 2018, a hearing was held on both Defendants' motion for summary judgment and Mr. Hogan's cross-motion for summary judgment. The trial court denied both Defendants' motion for summary judgment and Mr. Hogan's cross-motion for summary judgment and signed a written judgment to that effect on October 18, 2018. Defendants filed the instant writ application seeking review of the denial of their summary judgment.[5]
On supervisory review or on appeal, our review of a ruling granting or denying summary judgment is de novo under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Breaux v. Fresh Start Properties , L.L.C. , 11-262 (La. App. 5 Cir. 11/29/11), 78 So.3d 849, 852. Thus, appellate courts ask the same questions the trial court does in determining whether summary judgment is appropriate: whether there is any genuine issue as to material fact, and whether the mover is entitled to judgment as a matter of law. Id .
A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The party bringing the motion bears the burden of proof; however, if the mover will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the burden is on the non-moving party to produce factual support to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the non-moving party fails to meet this burden, there is no genuine issue of material fact and the mover is entitled to summary judgment as a matter of law. La. C.C.P. art. 966(D)(1). Stogner v. Ochsner Clinic Foundation , 18-96 (La. App. 5 Cir. 9/19/18), 254 So.3d 1254, 1257, writ denied , 18-1723 (La. 1/8/19), 259 So.3d 1023.
The elements of a malicious prosecution claim are: (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant against plaintiff who was the defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff. Bernal v. Crescent Foundations, LLC , 18-495 (La. App. 5 Cir. 2/27/19), 266 So.3d 558, 565. In this writ application, Defendants assert that Mr. Hogan cannot prove the third essential element of malicious prosecution - that there was a bona fide termination of the underlying litigation in his favor.
The purpose of the bona fide termination requirement is to ensure "that the underlying litigation is brought to a conclusion on the merits before a malicious prosecution suit based on the underlying litigation is allowed to proceed." (Emphasis added.) Savoie v. Rubin , 01-3275 (La. 6/21/02), 820 So.2d 486, 488. This requirement *767 is not satisfied when the merits of the underlying proceeding have not been reached. Id .
In support of their motion for summary judgment, Defendants offered the affidavit of Bryce Murray, the attorney who represented them in the federal litigation. Mr. Murray attested that the federal litigation was settled in 2014 after the federal defendant, Jefferson Parish, made a monetary offer on behalf of all the federal defendants, including Mr. Hogan, in exchange for the dismissal of Ms. Williams and Mr. Lemieux's claims. Mr. Murray further stated the federal lawsuit was dismissed pursuant to the settlement and referred to several documents attached to his affidavit - including the federal court's 60-day Order of Dismissal dated November 13, 2014, indicating that all of the parties had agreed upon a compromise; the confidential settlement agreement, signed by Ms. Williams and Mr. Lemieux on January 9, 2015, which indicated the agreement was entered into between Ms. Williams and Mr. Lemieux and all federal defendants, including Mr. Hogan, and that all federal defendants denied the validity of all claims asserted against them; a Joint Motion to Dismiss filed by Ms. Williams and Mr. Lemieux and all federal defendants, including Mr. Hogan, indicating their collective desire to dismiss the federal lawsuit based on the settlement; and a final order of dismissal signed by the federal magistrate on January 23, 2015.
We find that the settlement of the underlying litigation does not constitute a bona fide termination in favor of Mr. Hogan so as to satisfy the required element in a malicious prosecution claim. In Ulmer , 945 So.2d at 88, this Court held that a case dismissed after the parties settled could not serve as the basis for a malicious prosecution claim because no judgment had been rendered in the underlying litigation. Additionally, the Louisiana Supreme Court has explained that
[s]hort of a trial on the merits, and consistent with the policies underlying the favorable termination requirement, the courts of this state have looked for dispositions that tend to show that the court passed on the merits of the charge in such circumstances as to suggest the innocence or non-liability of the malicious prosecution plaintiff in order to find a favorable termination.
Lemoine v. Wolfe , 14-1546 (La. 3/17/15), 168 So.3d 362, 368.
Lemoine involved a certified question posed by the U.S. Fifth Circuit Court of Appeal as to whether a criminal prosecution that was nolle prosequi could satisfy the bona fide termination in favor of the present plaintiff requirement in a malicious prosecution case. The Supreme Court answered the question by stating that a nolle prosequi would constitute a bona fide termination in favor of the accused for purposes of the malicious prosecution case "when the circumstances surrounding the dismissal of the criminal proceeding support an inference that there existed a lack of reasonable grounds to pursue the criminal proceeding." Id . at 374.
In reaching its decision, the Supreme Court noted, with favor, its ruling in Irby v. Harrell , 140 La. 828, 74 So. 163 (1917), which recognized that when a criminal charge is withdrawn or the prosecution abandoned pursuant to an agreement of compromise, a malicious prosecution action would not lie. In Irby , the Supreme Court explained that while there had been a termination of the proceeding by the abandonment of the underlying criminal prosecution, the question of the accused's guilt or innocence had been left open by the accused's acceptance of the compromise. Thus, in Lemoine , the Supreme Court reiterated *768 that if the abandonment or termination of the underlying criminal prosecution is for reasons not indicative of the innocence of the accused, such as when the nolle prosequi is the result of an agreement or compromise, there is no bona fide termination in favor of the accused for purposes of a malicious prosecution claim. Lemoine , 168 So.3d at 370.
Following the rationale espoused in Lemoine and our ruling in Ulmer , we find that the settlement of the underlying federal litigation is not a bona fide termination in favor of Mr. Hogan for purposes of a malicious prosecution claim. We further find no merit to Mr. Hogan's claims that he did not settle the lawsuit because he did not participate in the settlement, pay the settlement money, or sign the settlement documents. All pleadings in the federal lawsuit were filed on Mr. Hogan's behalf, including the joint motion to dismiss on the basis of settlement. Mr. Hogan was aware of the settlement and had over two months to express his disagreement with the settlement and/or to object to the 60-day order of dismissal - Mr. Hogan did neither. Had Mr. Hogan wanted a judgment on the issue of his liability, he could have objected to his inclusion in the settlement.
Accordingly, because Mr. Hogan has failed to show that he will be able to satisfy his evidentiary burden of proof at trial - specifically that there was a bona fide termination of the underlying litigation in his favor - we find Defendants are entitled to summary judgment as a matter of law on Mr. Hogan's claim for malicious prosecution.
Mr. Hogan has also asserted a claim for libel and slander in his petition. A claim of libel or slander falls within the tort of defamation. Libel is defamation which is "expressed by print, writing, pictures, or signs," while slander is communicated by "oral expressions or transitory gestures." Sova v. Cove Homeowner's Ass'n, Inc. , 11-2220 (La. App. 1 Cir. 9/7/12), 102 So.3d 863, 873. Defamation and malicious prosecution both arise from a violation of La. C.C. art. 2315, but are two distinct causes of action. Lees v. Smith , 363 So.2d 974, 977 (La. App. 3d Cir. 1978).
Defamation involves the invasion of a person's interest in his reputation and good name. Costello v. Hardy , 03-1146 (La. 1/21/04), 864 So.2d 129, 139. The essential elements of a defamation action are (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury. Kennedy v. Sheriff of E. Baton Rouge , 05-1418 (La. 7/10/06), 935 So.2d 669, 674. The element of fault is generally referred to in the jurisprudence as malice, actual or implied. Costello, supra at 140.
In certain defined instances, a person is justified in communicating defamatory information to others without incurring liability. Kennedy , supra at 681. Such an instance includes privileged communication - which may either be (1) absolute (such as statements by judges in judicial proceedings or legislators in legislative proceedings), or (2) conditional, or qualified. Id . In cases of defamation alleged to arise from statements made in pleadings or otherwise in the course of a judicial proceeding, the conditional privilege operates to protect "minimally offensive allegations necessary to state a cause of action." Costello , 864 So.2d at 142, n.13 ; Jalou II, Inc. v. Liner , 10-48 (La. App. 1 Cir. 6/16/10), 43 So.3d 1023, 1039.
The allegations in Defendants' federal petition can be read as supporting the legally cognizable causes of action asserted therein, including employment discrimination, *769 against Mr. Hogan. Thus, we find Defendants' allegations in the federal lawsuit are subject to a qualified privilege.
The practical effect of a qualified privilege is to rebut the plaintiff's allegations of malice (or fault) and to place the burden of proof on the plaintiff to establish an abuse of the privilege. Kennedy , 935 So.2d at 683. To show abuse of a qualified privilege, the plaintiff must show knowing falsity or reckless disregard for the truth on the part of the defendant. Id . at 685.
We note that the Supreme Court has stated
...because of the chilling effect on the exercise of free speech, defamation actions have been found particularly susceptible to summary judgment. Summary adjudication, we have recognized, is a useful procedural tool and an effective screening device for avoiding the unnecessary harassment of defendants by unmeritorious actions which threaten the free exercise of rights of speech and press.
Id. at 686.
To meet his burden of proving Defendants abused the privilege, Mr. Hogan must establish that Defendants knew the allegations to be false or made the allegations with reckless disregard for whether they were true or false. "[R]eckless disregard requires a plaintiff to 'prove that the publication was deliberately falsified, or published despite the publisher's awareness of probable falsity.' " Kennedy , supra at 688, quoting Curtis Publishing Co. v. Butts , 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967). "[C]onduct which would constitute reckless disregard is typically found where a story is fabricated by the defendant, is the product of his imagination, or is so inherently improbable that only a reckless man would have put it in circulation." Kennedy , 935 So.2d at 689, citing St. Amant v. Thompson , 390 U.S. 727, 730, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968).
Upon de novo review, we find that Mr. Hogan failed to make any factual showing of knowing falsity or reckless disregard for the truth on the part of Defendants. We note that in opposing Defendants' motion for summary judgment, Mr. Hogan attached numerous exhibits, such as correspondence, that cannot be considered for purposes of a motion for summary judgment.[6] Reviewing only those documents properly considered under La. C.C.P. art. 966(A)(4), we conclude that Defendants' alleged defamatory statements were privileged and that Mr. Hogan failed to demonstrate that the privilege was abused. Because Mr. Hogan failed to submit evidence sufficient to show that he would be able to meet his burden of proof at trial that Defendants abused the qualified privilege, Defendants are entitled to summary judgment on Mr. Hogan's defamation (or libel and slander) claim.
For these reasons, we grant Defendants' writ application and reverse the judgment of the trial court. We further grant summary judgment in favor of Defendants and dismiss Plaintiff's claims against Defendants with prejudice.
WRIT GRANTED; JUDGMENT REVERSED; SUMMARY JUDGMENT GRANTED

In accordance with La. C.C.P. art. 966(H), the parties have been afforded additional briefing opportunities and participated in oral argument regarding the writ application.

The two other defendants in the federal lawsuit were Jefferson Parish and Randy Nicholson, Director of the Jefferson Parish Streets Department.

Defendants filed the federal lawsuit alleging they were singled out for discipline based on their race. In addition to allegations of racial discrimination, there was also a claim of sexual harassment.

The current motion for summary judgment is Defendants' second filing. Defendants filed their first motion for summary judgment on January 10, 2018, which was denied on April 18, 2018 on the basis the settlement documents relating to the federal lawsuit were not offered into evidence.

Mr. Hogan likewise filed a writ application, bearing writ no. 18-CA-619, seeking review of the trial court's denial of his cross-motion for summary judgment. His writ application is being considered separately from the instant writ application of Andrea Williams and Kenneth Lemieux.

"The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions." La. C.C.P. art. 966(A)(4).